IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00755-BNB

STEVE APODACA,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of CDOC,
SUSAN JONES, CDOC Warden, C.S.P.,
WILLIAM CLASPELL, Investigator for Inspector General's Office, CDOC,
DR. PEGGY STEELE, CDOC Mental Health Therapist,
DR. JOSEPH W. WRIGHT, CDOC Medical Doctor,
DR. JAMES MICHAUD, Chief of Mental Health, CDOC, and
JAMES A. OLSON, Case Manager III, CDOC,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 15 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Steve Apodaca, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Apodaca filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Apodaca's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Apodaca will be directed to file an amended complaint.

Mr. Apodaca asserts five claims, with subparts, concerning deliberate indifference to his safety and mental health, his placement in administrative segregation, and his access to the courts.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Apodaca has filed is difficult to read because it is single-spaced. The amended complaint Mr. Apodaca will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Apodaca's complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a)

2

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Apodaca to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Apodaca fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is verbose and repetitive. The subparts to the asserted claims appear to be separate claims organized by the defendant being sued, rather than by the claim being asserted. Mr. Apodaca sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is unnecessarily wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Apodaca will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Apodaca is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

The Court notes that the fourth claim is not asserted against any named defendant. In the amended complaint he will be directed to file, Mr. Apodaca must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Apodaca must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Apodaca may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Apodaca uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Apodaca, therefore, will be directed to file an amended complaint that is filed on the Court-approved complaint form and legible to read, and that alleges, clearly and concisely, the asserted claims, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Steve Apodaca, **within thirty days from the date of this order** file an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Apodaca, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Apodaca fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

DATED June 15, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00755-BNB

Steve Apodaca
Prisoner No. 50798
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/15/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk