IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00755-BNB

STEVE APODACA,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of CDOC,
SUSAN JONES, CDOC Warden, C.S.P.,
WILLIAM CLASPELL, Investigator for Inspector General's Office, CDOC,
DR. PEGGY STEELE, CDOC Mental Health Therapist,
DR. JOSEPH W. WRIGHT, CDOC Medical Doctor,
DR. JAMES MICHAUD, Chief of Mental Health, CDOC,
JAMES A. OLSON, Case Manager III, CDOC,
DR. JOHN E. WESTCOT, CDOC Psychiatrist,
ZITA L. WEINSHIENK, U.S. District Judge, and
KATHLEEN BOYD, CDOC Nurse Practitioner,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Steve Apodaca, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. On April 2, 2010, Mr. Apodaca filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA). On April 20, 2010, he was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On June 15, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Apodaca to file within thirty days an amended complaint that was double-spaced and legible in compliance with Rule 10.1 of the Local Rules of Practice for this Court; that complied

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; and that alleged the personal participation of each named Defendant. The June 15 order warned Mr. Apodaca that if he failed within the time allowed to file an amended complaint as directed the complaint and the action would be dismissed without further notice.

On July 2, Magistrate Judge Boland entered a minute order granting Mr. Apodaca's request for clarification of the June 15 order for an amended complaint and granting him a thirty-day extension in which to file the amended complaint. The July 2 order explained that the June 15 order directed Mr. Apodaca to file "one, legible copy of an amended complaint on the Court-approved form that replaces the complaint he originally filed and that complies with the pleading requirements" of Fed. R. Civ. P. 8 and with this Court's local rules of practice. *See* July 2 minute order (document no. 19) at 1. On July 28, 2010, Mr. Apodaca requested an additional extension of time (docket no. 20) of thirty days in which to file an amended complaint and filed an amended complaint (docket no. 21) pursuant to § 1983 and the ADA.

On August 2, 2010, Magistrate Judge Boland entered a minute order (docket no. 23) granting Mr. Apodaca's request for an additional thirty day extension to file the amended complaint. On August 4, 2010, Mr. Apodaca submitted another amended complaint (docket no. 26) pursuant to § 1983 and the ADA. On August 8, 2010, Magistrate Judge Boland entered a minute order (docket no. 27) vacating the extension of time to file an amended complaint granted in the August 2 minute order because Mr. Apodaca had filed an amended complaint on August 4.

On August 11, 2010, Mr. Apodaca filed another motion (docket no. 30) to file an amended complaint. On August 12, 2010, Magistrate Judge Boland entered a minute order (docket no. 31) noting that, in response to the June 15 order for an amended complaint, Mr. Apodaca filed amended complaints on July 28 and August 4; granting Mr. Apodaca's request in his August 11 motion to file another amended complaint; and affording Mr. Apodaca one final opportunity to file within thirty days a third and final amended complaint that complied with the directives of the June 15 order. The August 12 minute order warned Mr. Apodaca that no further requests to file an amended complaint would be granted. The minute order warned Mr. Apodaca that if he failed to file a third and final amended complaint within the time allowed the Court would address the amended complaint he filed on August 4.

On September 13, 2010, Mr. Apodaca filed an amendment to the August 4 amended complaint. He did not file a third and final amended complaint. Therefore, the Court will address the amended complaint Mr. Apodaca filed on August 4. The Court also will address the amendment Mr. Apodaca filed on September 13, which adds a claim against Kathleen Boyd, who has been added as a D
defendant to the caption of this order.

The Court must construe Mr. Apodaca's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the August 4 amended complaint, as amended by the September 13 amendment, and the action will be dismissed.

3

Mr. Apodaca alleges that he witnessed the gang murder of another inmate; was a cooperating witness in the murder investigation; and, as a result, was assaulted by a gang member, suffered facial injuries, and almost lost sight in his left eye. He contends that the assault exacerbated his mental illness. He contends that Defendants have been deliberately indifferent to his mental health, resulting in the self-mutilation of his arms, and deliberately indifferent to his medical issues, resulting in an enlarged prostate and the surgical removal of his right testicle. On the basis of these allegations, Mr. Apodaca asserts five claims, with subparts, concerning deliberate indifference to his safety and mental health, placement in administrative segregation, and access to the courts.

Mr. Apodaca's amended complaint, as amended, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the June 15 order for an amended complaint, Magistrate Judge Boland explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland also explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically noted Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . .

(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He further noted that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He further pointed out that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8, and that, in order for Mr. Apodaca to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Apodaca's August 4 amended complaint, as amended, fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Apodaca fails to clarify which claims are asserted pursuant to § 1983 and which claims are asserted pursuant to the ADA. In addition, the August 4 amended complaint is verbose and repetitive. The subparts to the asserted claims are separate claims organized by the defendant being sued, rather than by the claim being asserted. Some subparts either are unrelated to other subparts or their relationship is not explained in a manner clear to the Court.

For example, in claim four, Mr. Apodaca sues the Honorable Zita Leeson Weinshienk because, on March 23, 2009, she dismissed his complaint filed in a separate action without prejudice for his failure, within the time allowed, to pay a $12.00 initial partial filing fee or to show cause as directed why had has no assets and no

means by which to pay the designated initial partial filing fee. *See Apodaca v. Claspell*, No. 09-cv-00284-ZLW (D. Colo. Mar. 23, 2009). In the same claim four, Mr. Apodaca asserts an entirely unrelated claim against James A. Olson for allegedly violating his rights at an administrative segregation hearing held on December 19, 2008. He also sues Susan Jones for upholding on appeal his placement in administrative segregation and Aristedes Zavaras in his supervisory capacity as DOC executive director. In the June 15 order for an amended complaint, Magistrate Judge Boland explained in detail to Mr. Apodaca that he must assert personal participation by each named defendant, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and specifically explained that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Not only is the August 4 amended complaint verbose and repetitive, but Mr. Apodaca sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As Magistrate Judge Boland instructed in the June 15 order for an amended complaint, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

For example, Mr. Apodaca unnecessarily repeats, both in the section designated as "C. Nature of the Case" and in his claims, allegations concerning the inmate murder he witnessed. On the other hand, he sprinkles factual details throughout the complaint, such as references in claim one to the injuries he received in the inmate attack as well as his self-imposed injuries and in claim two to his borderline personality disorder and other mental illnesses, apparently expecting the Court and Defendants to attempt to piece together his disjointed allegations, and their relevance, with his asserted claims. That is neither a judicial function, nor is it Defendants' responsibility. As Magistrate Judge Boland informed Mr. Apodaca in the June 15 order for an amended complaint, it is Mr. Apodaca's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

As a result, the Court finds that the August 4 amended complaint, as amended, is unnecessarily wordy and confusing. It fails to comply with the pleading requirements of Rule 8. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the August 4 amended complaint, as amended, does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the August 4, 2010, amended complaint, as amended by the September 3, 2010 amendment, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff,

Steve Apodaca, to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED October 18, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00755-BNB

Steve Apodaca
Prisoner No. 50798
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/18/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk